UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

             Plaintiff,

v.

MACK DAVIS,

             Defendant.

_____/

CASE NO: 24-cr-20375

HON. F. KAY BEHM
United States District Judge

## **UNITED STATES' SUPPLEMENTAL BRIEF**

At the initial sentencing hearing on February 24, 2026, the Court heard argument from the government and the defendant, and statements by Davis and one of Davis's victims. (R. 46: Sent. Tr., Pg.ID. 378–79). Davis expressed remorse to the communities affected by his hate-filled actions and indicated that he strives to be a better person.  (*Id.* at 375). The Court adjourned the sentencing hearing for approximately 30 days for a final determination of Davis's sentence.

Just sixteen days after Davis's initial sentencing hearing, two horrific attacks occurred in the United States that highlight the dangers of violent ideology like Davis's. The first attack occurred less than an hour away from this Court, where a terrorist armed with a rifle, ammunition, and explosives smashed his truck into Temple Israel in West Bloomfield, Michigan, and attempted to kill as many Jewish children and adults as he could on behalf of Hezbollah, a designated foreign terrorist

organization.   *See*   https://www.clickondetroit.com/news/local/2026/04/04/west-bloomfield-temple-attack-what-man-was-doing-before-targeting-temple-israel/ (last visited April 10, 2026). Thankfully, he failed and no innocent civilians died. On the same date, Mohamed Jalloh entered an ROTC classroom at Old Dominion University, asked if the class was an ROTC class, shouted "Allahu Akbar," and immediately shot and killed the ROTC instructor and injured two students. *See* https://fox59.com/news/national-world/ap-us-news/ap-cadets-recount-how-rotc-leader-and-members-subdued-gunman-who-targeted-them-at-old-dominion/   (last visited April 10, 2026). Jalloh's attack was only stopped when ROTC students subdued and killed him.

Jalloh's attack in particular cautions against a below-guideline sentence for Davis. Jalloh committed his attack while on supervised release for a 2016 federal conviction for providing material support to the Islamic State, a designated foreign terrorist organization.   *See*   https://www.foxnews.com/politics/odu-gunman-who-killed-rotc-instructor-had-prior-isis-conviction-released-early (last visited April 10, 2026). Prosecutors requested a guideline sentence of 20 years' imprisonment, but the judge varied downwards significantly, sentencing Jalloh to 132 months' imprisonment after Jalloh made arguments in mitigation that are similar to those made by Davis. Jalloh committed his attack 15 months after being released from prison.       *See*       https://www.wdsu.com/article/odu-shooting-jalloh-released-

2024/70732565 (last visited April 10, 2026); (E.D. Va. 1:16-cr-00163, R. 53; Judgment, Pg.ID 482).

While that case is not a perfect parallel, many of the sentencing arguments that Jalloh made to convince the court to impose a below-guidelines sentence mirror those made by Davis. Jalloh cited his extreme remorse and shame for his crime, for which he immediately took responsibility. (E.D. Va. 16-cr-00163, R. 55: Sent. Tr., Pg.ID. 501). Jalloh also argued that his attempts to assist the government warranted a sentence below the guidelines. (*Id.*) Jalloh had a traumatic childhood without his mother and was abandoned by his father, which left him struggling with the effects of untreated trauma and susceptible to influence. (E.D. Va. 16-cr-00163, R. 49: Def. Sent. Mem., Pg.ID. 280). Jalloh also argued that an expert assessed that his risk of recidivism for terrorism-related offenses was low because of the nature of Jalloh's involvement in the crime, his acceptance of responsibility, and his willingness to assist the United States. (E.D. Va. 16-cr-00163, R. 55: Sent. Tr., Pg.ID. 501; E.D. Va. 16-cr-00163, R. 49: Def. Sent. Mem., Pg.ID. 272).

Davis relies on many of the same arguments. Davis and his counsel described his extreme remorse. (R. 56: Sent. Tr., Pg.ID 353, 394). Davis likewise cited a chaotic and turbulent childhood with an abusive father who was not close to him and is now incarcerated. (*Id.* at 358–60). Davis also supported his argument for a below-guidelines sentence with a report authored by Dr. Philip Sargoza, who evaluated

3

Davis and provided his opinions about the factors that contributed to Davis's offense, his mental health diagnoses, and whether Davis can be a contributing member of society. (*Id.* at 365). Dr. Saragoza opined that Davis has "the capacity" to become a contributing member of society if he completes extensive treatment and support. But unlike the expert who evaluated Jalloh, Dr. Saragoza did not assess the likelihood of whether Davis would engage in future violence. (Def. Ex. 1, p. 18).

While Jalloh characterized his criminal activities as motivated by a "shallow" commitment encouraged by an aggressive confidential human source, Davis undertook his attempted attack entirely on his own after extensive planning and a long and deep immersion in hate-filled ideology. (E.D. Va. 16-cr-00163, R. 49: Def. Sent. Mem., Pg.ID. 274-275; Sent. Tr., 388). And that hate-filled ideology was not just limited to the class of victims in this case. Davis expressed his hatred of all people, and a desire to kill anyone he encountered. Despite Davis's expressed remorse for his actions in this case, he has shown that his hate has the capacity to propel him to violent action. For this reason, and for the protection of the public, a guideline sentence is warranted.

Jalloh's recidivism after a below-guidelines sentence is a warning siren. Hate-filled ideology is not erased by expressions of remorse or promises of change. Self-serving claims of renunciation should be viewed with skepticism and the knowledge that such statements, even if sincere, might not reflect a permanent abandonment of

those beliefs. Davis demonstrated a years' long commitment to hatred and the planning of mass murder, extraordinary actions for an individual of any age. The Court should recognize that with its sentence.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

s/Christopher W. Rawsthorne
Christopher W. Rawsthorne
Assistant United States Attorney
600 Church Street
Flint, MI  48502
(810) 766-5177
christopher.rawsthorne@usdoj.gov

Dated: April 13, 2026

## Certificate of Service

I certify that on April 13, 2026, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Michigan using the ECF system, which will send notification of the filing to all users of record.

*s/Christopher W. Rawsthorne*
Christopher W. Rawsthorne
Assistant United States Attorney
