IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA )Flint, Michigan
)April 16, 2026
vs. )12:58 p.m.
)
MACK DAVIS, )
)Case No. 24-20375
Defendant. )
)

TRANSCRIPT OF SENTENCING HEARING - VOLUME 2
BEFORE THE HONORABLE F. KAY BEHM
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government: CHRISTOPHER RAWSTHORNE
United States Attorney
Eastern District of Michigan
600 Church Street
206 Federal Building
Flint, MI 48502

For the Defendant: BRYAN J. SHERER
Federal Defender Office
653 S. Saginaw; Suite 105
Flint, MI 48502
(810) 232-3600

For the Defendant: JAELLE RICHARDSON
Federal Community Defender
613 Abbott Street, 5th Floor
Detroit, MI 48226

Court Reporter: Carol M. Harrison, RMR, FCRR
1000 Washington Avenue
Bay City, MI 48708

Proceedings reported by stenotype reporter.
Transcript produced by Computer-Aided Transcription.

P R O C E E D I N G S

(At 12:58 p.m., proceedings commenced.)

(Defendant present.)

THE CLERK: The Court will now hear criminal Case No. 24-20375, the United States of America versus Mack Davis.

Would counsel please place your appearances on the record beginning with the Government?

MR. RAWSTHORNE: Chris Rawsthorne appears for the United States. Good afternoon, Your Honor.

MR. SHERER: May it please this Honorable Court, Bryan Sherer from the Federal Defender Office. I'm here on behalf of Mr. Davis whom is seated to my left.

THE DEFENDANT: Jaelle Richardson on behalf of Mack Davis.

THE COURT: All right. Welcome back everybody. We started sentencing about a month ago, at which time I wanted an opportunity to consider everything that had been said. I would also note that our bench frequently does something called a sentencing council where -- there are 14, 15 judges on the Eastern District of Michigan's bench and we ask each other at times, and I did in this situation ask three of my colleagues, to review all of the materials, including the transcript, and ask them what they would do.

The age ranges from about 40 to 88. Their experience was commensurate with their ages. They -- two of them were

former US attorneys, so I felt like I asked three colleagues who had some experiences that were different than mine and listened to what they had to say, and I considered -- considered that as well but, ultimately, this is my decision.

I will say that each of my colleagues said they, consistent with kind of what I was thinking, would go below the guidelines, so that's where I am at this point. I did see there were supplemental -- before I continue, I guess, I did see that there were supplemental briefs that were filed. I did read those.

Is there anything in addition that you would like to place on the record at this time, Mr. Rawsthorne?

MR. RAWSTHORNE: No, Your Honor.

THE COURT: Anything else, Mr. Sherer, or Ms. Richardson?

MS. RICHARDSON: No, Your Honor.

THE COURT: All right. So I am going to grant a downward variance after considering everything. I believe that based on the defendant's history and characteristics that a downward variance is warranted based on his abuse as a child, his marijuana dependency, his family ties and responsibilities, lack of youthful guidance and his troubled childhood, his mental and emotional conditions, presentence rehabilitation and potential for future rehabilitation, his youthfulness as well as remorse and lack of remorse. Particularly I believe there

is significant remorse on his part, so there are a number of reasons that support a downward variance in his particular situation.

I did have a chance to observe the defendant and to determine my level of his sincerity -- my belief as to his level of sincerity and his credibility, and I was persuaded by his statements and those of his attorneys.

I also feel that a downward variance is warranted to avoid unwarranted sentence disparity among other defendants. And while there were only six other defendants nationwide, those averages came out significantly -- the averages were 116 to 120 months, whereas Mr. Davis' guidelines came in at 135 months to 168. So even nationwide, without all the other factors, just looking at the numbers, the guidelines were less than what Mr. Davis' guidelines came out to be.

As such, pursuant to the Sentencing Reform Act of 1984, the Court considering the sentencing guidelines and factors contained in 18 USC Section 3553(a) hereby commits the defendant to the custody of the United States Bureau of Prisons for a term of 84 months.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years. I believe an extended period of supervised release to give him an opportunity to be in the community but to be closely monitored and supervised meets all of the parties' requests, the defense,

the prosecutors and some of the victims that this is an individual who needs mental health treatment, needs substance abuse treatment and needs to be monitored.

It's further my order that the defendant pay a special assessment of $100, which will be due immediately. I waive the imposition of a fine, the cost of incarceration and the cost of supervision due to the defendant's lack of resources.

Mandatory drug testing will be ordered.

The defendant shall cooperate with the collection of a DNA sample as directed by the probation officer. While on supervision, the defendant shall abide by the standard conditions as adopted by the United States District Court for the Eastern District of Michigan and shall comply with the following special conditions:

You shall not engage in any verbal or physically threatening or violent behavior. You shall not be a member of or associate with any group or organization whose goals and activities are primarily or substantially based on a shared antipathy towards people of one or more other different races, religions, ethnicities, nationalities, national origins, gender and/or sexual identities.

You shall not be found in the social company of any person who you know or reasonably ought to know is a member of or associated with a group or organization. You shall not

possess, wear or display in any manner any insignia, emblem, hat, scarf, bandana or article of clothing which is designed, arranged or used in any way to symbolize membership in, affiliation with or approved of such a group or organization.

You must submit your person, residence, office, vehicles, papers, business, or place of employment and any property under your control to a search. Such a search shall be conducted by the United States probation officer at a reasonable time and in a reasonable manner based upon a reasonable suspicion of contraband or evidence of a violation of a condition of release.

Failure to submit to such a search may be grounds for revocation, and you must warn any residents that the premises may be subject to a search.

You are prohibited from utilizing a computer during the term of supervised release with the exception of and solely for legal research, outside employment, as a specific class assigned in an accredited educational institution or to send or to receive typed email messages without attached electronic files or images embedded in the body for a message or for other uses as approved in advance by the probation officer.

You shall provide the probation officer with accurate information about all computer systems, all passwords and internet service providers you have potential access to and abide by any rules of the United States Probation Department's

Computer Monitoring Program.

You shall only access a computer approved by the probation officer, and you shall consent to the probation officer conducting periodic unannounced examination of all computer systems, which may include computer monitoring software at your expense.

For the purpose of accounting for all computers, hardware, software and accessories, you shall submit your person, residence, computer and/or vehicle to a search conducted by the United States Probation Department at a reasonable time and manner. You shall inform any other residents that the premises and your computer may be subject to a search pursuant to this condition.

You shall provide the probation officer with access to any requested financial information including billing records for your telephone, cable, internet, satellite or anything like that.

Due to the mental health concerns expressed, the following additional special condition is ordered. You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program, the provider, the location, the duration and the intensity.

You must take all mental health medications that are

prescribed to you by a treating physician.

You also must submit to substance abuse testing to determine if you have used a prohibited substance.

This matter was brought to the Court on Count One of the first superseding indictment. The original indictment had three counts. The original counts in the original indictment are dismissed at this time.

I don't know if there are any forfeiture issues that need to be addressed. Mr. Rawsthorne, is there anything that needs to be addressed in that regard?

MR. RAWSTHORNE: I don't believe so, Your Honor.

THE COURT: No? Okay.

And then, Ms. Richardson, or, Mr. Sherer, do you have any request regarding placement?

MR. SHERER: Judge, we would request that you make a recommendation to the Federal Bureau of Prisons for a federal medical center.

THE COURT: For where?

MR. SHERER: A federal medical center.

THE COURT: For a federal medical center. On what basis?

MR. SHERER: His mental health concerns.

THE COURT: Okay. Mr. Rawsthorne?

MR. RAWSTHORNE: I don't know that there's a basis for that. It doesn't seem to be that there would be a

substantial basis for that, but I don't -- ultimately that would be the Bureau of Prisons' decision.

MS. RICHARDSON: Okay. Sorry, Your Honor. Then we would like to request a recommendation for the BOP to consider lowering his security level to a low so that he can stay in -- close to home at Milan so he can be close to his mother.

MR. RAWSTHORNE: I don't think the Court can make recommendations as to security levels. I think that's something that the BOP determines with the score and with various factors. I don't think that's an appropriate place for the Court to be making a recommendation.

THE COURT: I can make a recommendation for Milan. I can recommend a federal medical center, but, ultimately, all of those are decisions that are left up to the Bureau of Prisons. That is entirely up to them to make those decisions and something that the bench does not get involved in.

MR. SHERER: Yeah, no, I understand that, Your Honor, but when we had talked to BOP experts before, they said sometimes it can be helpful for the judge to make that recommendation, so I just wanted to ask for that.

THE COURT: I'll recommend Milan and whatever goes along with that.

MR. RAWSTHORNE: And also I just want to -- I wasn't sure if this was the time to add it, the victims -- I would just request an additional condition of supervised release that

the defendant have no contact with the victims while he's on supervised release.

THE COURT: That's absolutely fair.

Any objections, Mr. Sherer or Ms. Richardson?

MR. SHERER: No objection.

THE COURT: So no contact with any victims in this matter.

Are there any issues of restitution? I know that the neighbors had expressed some concerns about security cameras and damage to a car and damage to a shed.

MR. RAWSTHORNE: There were no requests for restitution. I don't -- I also don't think that that would fit within the -- I'm not sure that that would fit within, but I don't believe there's a request for restitution.

THE COURT: Okay. So I'll make a recommendation for Milan and for a federal medical center if appropriate. I doubt that it is, but we'll put it in the request and, ultimately, it's up to the Bureau of Prisons again.

You indicated you didn't believe there were any forfeiture issues or restitution issues, true?

MR. RAWSTHORNE: I do not believe there are forfeiture issues.

THE COURT: Okay. All right. So I think that takes care of everything.

Mr. Davis, if you wish to appeal any of my decisions,

you must file a notice of appeal with the clerk of this court within 14 days of today's date.

Mr. Rawsthorne, do you have any objections to any aspect of the sentence, procedural, substantive or otherwise at this time?

MR. RAWSTHORNE: Not besides the Government's prior recommendation, Your Honor.

THE COURT: Thank you. Mr. Sherer or Ms. Richardson, do you have any objections to any aspect of the sentence, procedural, substantive or otherwise?

MR. SHERER: No, Your Honor.

THE COURT: All right. Thank you, everyone, and, again, I wish Mr. Davis and his family the best of luck, and I regret the circumstances that brought so many of the victims here today.

As I indicated to you about a month ago, I am certainly personally sympathetic to the threats, the fears, the intimidation that go with your circumstances. I've been in your spot and I understand. I wish you all the best of luck.

(At 1:17 p.m., court recessed.)

* * * * *

C E R T I F I C A T E

I certify that the foregoing is a correct transcript from the proceedings in the above-entitled matter.

Date: 4-20-2026

Carol M. Harrison, RMR, FCRR
Official Court Reporter
United States District Court
Eastern District of Michigan
1000 Washington Avenue
Bay City, MI 48708